IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| IRIS F. ALLEN, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 1:13-25022 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On October 10, 2013, Petitioner,[1] acting *pro se* and incarcerated at FPC Alderson, located in Alderson, West Virginia, filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody.[2] (Document No. 1.) Petitioner alleges that the BOP is improperly refusing to reduce her Inmate Financial Responsibility Program [IFRP] payment. (Id.) Petitioner acknowledges that she was convicted of one count of Health Care Fraud and one count of Aggravated Identity Theft in 2010. (Id., p. 1.) Petitioner states that the District Court sentenced her to a 120-month term of imprisonment, which was later reduced to 96 months. (Id.) Petitioner

---

[1] On February 8, 2010, Petitioner was convicted in the United States District Court for the Eastern District of Virginia of one count of Health Care Fraud in violation of 18 U.S.C. § 1347, and one count of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A. *United States v. Allen*, Case No.3:09-cr-0355 (E.D.Va. June 2, 2010), Document No. 26. On June 2, 2010, the District Court sentenced Petitioner to a total term of 120 months imprisonment to be followed by a three year term of supervised release. *Id.*, Document No. 55. The District Court also imposed a $200 special assessment and imposed restitution in the amount of $755,144.63. *Id.* On May 6, 2011, the Fourth Circuit Court of Appeals dismissed Petitioner's appeal. *Id.*, Document No. 68. On September 20, 2013, Petitioner filed a Motion for Amended Restitution Order. *Id.*, Document No. 89. By Order entered on October 24, 2013, the District Court denied Petitioner's Motion. *Id.*, Document No. 94.

[2] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

further acknowledges that the District Court imposed a $100 special assessment and imposed restitution in the amount of $755,144.63, "which were 'due and payable immediately.'" (Id.) Petitioner complains, however, that she has been required to pay $79 per month under IFRP because the sentencing judge "failed to set a payment schedule as required under 18 U.S.C. § 3664(f)(2)." (Id., p. 3.) Petitioner explains that she earns $24.70 a month from her employment as "the Valley Aide." (Id.) Petitioner notes that her mother sends $50 a month to aid Petitioner while she is incarcerated. (Id.) Petitioner complains that the "monthly payment schedule of $79 a month has placed an undue burden on [Petitioner's] mother." (Id.) Petitioner asserts that "because of the generosity of others, and the flexible fluctuation of the BOP policy, my IFRP has sky rocketed." (Id., p. 4.) Petitioner states that her "monthly paycheck of $24.70 does not begin to cover the balance due each month." (Id., p. 5.) Petitioner, therefore, argues that the sentencing Court's order imposed an "impermissible blanket restitution award in violation of 18 U.S.C. § 3664(f)(1)(a)." (Id., p. 5.) Thus, Petitioner requests that the Court require the BOP to "amend the restitution order" by reducing her "IFRP payment to $25 monthly or $25 quarterly." (Id., p. 6.)

## ANALYSIS

Petitioner argues that the sentencing court improperly entered a "blanket restitution" order and the BOP erred by setting her IFRP payment at $79 a month. The Fourth Circuit has recognized that 18 U.S.C. § 3663 imposes a nondelegable, "core judicial function" upon the sentencing Court to set the amount and time of restitution payments. United States v. Johnson, 48 F.3d 806, 808 (4th Cir. 1995). In the instant case, however, the sentencing Court did not improperly delegate its authority to the BOP as suggested by Petitioner. In the Judgment Order, the District Court ordered that "[r]estitution is due and payable immediately." United States v. Allen, Case No.3:09-cr-0355

2

(E.D.Va. June 2, 2010), Document No. 55, p. 5. When a Court orders that payment is due immediately, the Court sets the required amount and timing for payment of the criminal monetary penalty. See United States v. Caudle, 261 Fed.Appx. 501, 504 (4th Cir. Jan. 10, 2008). Generally, the requirement that payment be made immediately is interpreted to require payment to the extent possible, and to begin as soon as possible. Coleman v. Brooks, 133 Fed.Appx. 51, 53 (4th Cir. 2005). The BOP is not limited to considering only an inmate's ability to earn wages while in prison, but may consider all funds received by an inmate.[3] See 28 C.F.R. § 545.11(b)(stating that "[p]ayments may be made from institution resources or non-institution (community) resources"). The IFRP is a program that provides an avenue for collection of payments toward a monetary penalty imposed by Court order.[4] See 28 C.F.R. § 545.10-545.11. As part of Petitioner's Plea Agreement, Petitioner agreed "to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments." Allen, Case No. 3:09-cr-0355, Document No. 33, p. 5. See Webb v. Hamidullah, 2006 WL 1946441

---

[3] Petitioner states that family and friends send her money to assure that she is not without basic necessities, such as "soap, lotion, feminine hygiene products, phone, email, and stamps." (Document No. 1., p. 4.) The undersigned notes that phone, email, and stamps are not basic necessities.

[4] The purpose of the IFRP is to "encourage each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. "The provisions of this rule apply to all inmates in federal facilities, except: Study and observation cases, pretrial detainees, and inmates in holdover status pending designation." *Id.* Section 545.11 provides that "[w]hen an inmate has a financial obligation, unit staff shall help that inmate develop a financial plan and shall monitor the inmate's progress in meeting that obligation." 28 C.F.R. § 545.11. An "inmate is responsible for making satisfactory progress in meeting his/her financial responsibility plan and for providing documentation of these payments to staff." 28 C.F.R. § 545.11(b). An inmate's process in IFRP "will be reviewed each time staff assess an inmate's demonstrated level of responsible behavior." 28 C.F.R. § 545.11(c). "Refusal by an inmate to participate in the financial responsibility program or to comply with the provisions of his financial plan ordinarily" results in the loss of certain advantages or privileges. 28 C.F.R. 545.11.

(D.S.C. Jul. 11, 2006)(unpublished)(finding that IFRP is not an improper delegation of a judicial function because IFRP merely provides an inmate with a vehicle for ensuring that payment is made). Thus, the BOP through IFRP determined that Petitioner had the ability to pay $79 a month. The BOP's establishment of a payment schedule under IFRP does not constitute an improper delegation of authority by the Courts. See United States v. Watkins, 161 Fed.Appx. 337 (4th Cir. 2006); Martin v. United States, 2006 WL 231485 (N.D.W.Va. Jan. 31, 2006)(finding that "a sentencing court's order that a fine is due to be paid in full immediately is not an improper delegation of authority to the BOP, and the resultant 'payment schedule established by the BOP does not conflict with the sentencing court's immediate payment order'"). To the extent Petitioner is contending this to be a violation of her due process right, the undersigned finds her claim to be without merit. See Johnpoll v. Thornburgh, 898 F.2d 849, 851 (2nd Cir. 1990)(finding that the "IFRP program serves a valid penological interest and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation"). The compelled participation in IFRP is neither punitive in nature nor a violation of due process because it is reasonably related to a legitimate governmental objective of rehabilitation. Id.; also see Cupp v. Reed, 2009 WL 277554 (N.D.W.Va. Feb. 5, 2009)(finding that plaintiff failed to state a claim because "it is well-established that the BOP's inmate financial responsibility program is constitutional and that the negative consequences of not participating in the program are neither punitive nor do they violate the constitution").

Finally, Petitioner appears to seek modification of her restitution order pursuant to 18 U.S.C. § 3664(k). In support, Petitioner states that her financial circumstances have changed since her incarceration. Section 3664(k) provides that upon notification of any material change in the

4

defendant's economic circumstances, the sentencing Court may modify a defendant's restitution order "to adjust a payment schedule, or require immediate payment in full." 18 U.S.C. § 3664(k). First, the undersigned notes that Petitioner was sentenced in the Eastern District of Virginia. Next, Section 3664(k) may not be used to modify or suspend restitution payments made through the IFRP. United States v. Diggs, 578 F.3d 318, 320 (5th Cir. 2009); Snyder v. Butler, 2014 WL 3565984 * 5 (S.D.W.Va. June 11, 2014). Accordingly, this Court has no authority to grant relief pursuant to Section 3664(k). Based on the foregoing, the undersigned finds that Petitioner's Petition should be dismissed.[5]

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed Without Prepayment of Fees and Costs (Document No. 5.), **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have

---

[5] The undersigned further notes that it is unclear from the record whether Petitioner properly exhausted her administrative remedies.

seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: August 26, 2014.

R. Clarke VanDervort
United States Magistrate Judge