IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

IRIS F. ALLEN,

    Petitioner,

v.                               Civil Action No: 1:13-25022

BARBARA RICKARD,[1]
Warden

    Respondent.

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending before the court is petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1). By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 2). The magistrate judge submitted his proposed findings and recommendation ("PF&R") on August 26, 2014. (Doc. No. 14). In the PF&R, Judge VanDervort recommended that the court deny petitioner's petition for a writ of habeas corpus.

---

[1] Barbara Rickard is the current Warden at FPC Alderson. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Clerk is directed to substitute Barbara Rickard in place of United States of America as Respondent herein. <u>See also</u> <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434–35 (2004) (noting that the proper respondent to a habeas corpus petition is the petitioner's immediate custodian).

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days, plus three mailing days, in which to file any objections to the PF&R. Petitioner timely filed objections to the PF&R on September 5, 2014. (Doc. No. 19). Because petitioner's objections are without merit, the court dismisses her petition.

I. **Background**

On February 8, 2010, petitioner was convicted in United States District Court for the Eastern District of Virginia of one count of health care fraud in violation of 18 U.S.C. § 1347 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A. United States v. Allen, No. 3:09-cr-0355 (E.D. Va. June 2, 2010) (Doc. No. 26). Petitioner received a sentence of 120 months imprisonment to be followed by a three-year term of supervised release. Id. The court also imposed a $200 special assessment and imposed restitution in the amount of $755,144.63. Id. Petitioner appealed and, on May 6, 2011, the United States Court of Appeals for the Fourth Circuit dismissed her appeal. Allen, No. 3:09-cr-0355 (Doc. No. 68).

As part of petitioner's plea agreement, she must participate in the Inmate Financial Responsibility Program ("IFRP") to pay the imposed restitution. (Doc. No. 1 at 3). The IFRP provides an avenue for collection of payments toward a monetary penalty imposed by court order. See 28 C.F.R. §

545.10-5485.11. In her petition for a writ of habeas corpus, petitioner argues that the district court impermissibly allowed the Bureau of Prisons ("BOP") to set her IFRP payment schedule and amount, as well as arguing that the BOP is improperly refusing to reduce her IFRP payment. (Doc. No. 1 at 2, 4). At the time of filing, the BOP had set petitioner's IFRP payment at $79 per month. (Doc. No. 1 at 3).

## II. **Petitioner's Objections to the PF&R**

Petitioner does not make specific objections to the PF&R in her "Response to Recommendation," but, instead, reiterates her initial petition, sometimes verbatim. These arguments "do not direct the court to a specific error in the magistrate's proposed findings and recommendations" because they are "general and conclusory." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). As a result, a court need not conduct a de novo review of such objections. Id.

However, after review of the PF&R, the record, and petitioner's response, the court determines that petitioner's arguments lack merit. Initially, petitioner argues that the district court impermissibly allowed the BOP to set her IFRP payment amount and schedule. Under Fourth Circuit precedent, a "district court may not delegate its authority to set the amount

and timing of fine payments[2] to the Bureau of Prisons . . . without retaining ultimate authority over such decisions." Miller, 77 F.3d at 78. However, "a sentencing court's order that a fine is due to be paid in full immediately is not an improper delegation of authority to the BOP, and the resultant payment schedule established by the BOP does not conflict with the sentencing court's immediate payment order." Martin v. United States, No. Civ. A. 1:03CV213, 2006 WL 231485 at *5 (N.D.W. Va. Jan. 31, 2006) (internal citations omitted); see also Coleman v. Brooks, 133 F. App'x 51, 53 (4th Cir. 2005) (finding the BOP properly applied the IFRP as an "avenue to collect" the petitioner's financial obligations which the sentencing court imposed and ordered immediate payment).

In petitioner's case, the district court did not delegate its authority to the BOP. The district court imposed restitution, which was "due and payable immediately." Allen, Case No. 3:09-cr-0355 (E.D. Va. June 2, 2010) (Doc. No. 55). In accordance with this order and petitioner's involvement in IFRP, the BOP created a payment schedule, in compliance with Miller.

In her response, petitioner relies heavily on Ward v. Chavez, 678 F.3d 1042 (9th Cir. 2012). In Ward, the United

---

[2] The court noted that this reasoning applies equally to "restitutionary installment payments." United States v. Miller, 77 F.3d 71, 77-8 (4th Cir. 1996) (citing United States v. Johnson, 48 F.3d 806, 808-09 (4th Cir. 1995)).

4

States Court of Appeals for the Ninth Circuit concluded that a district court impermissibly delegated its authority by ordering immediate payment of restitution without specifying a payment schedule. Id. at 1052. The Ninth Circuit concluded that the restitution order impermissibly delegated the court's authority to set a payment schedule to the BOP. Id.

Petitioner's reliance on Ward is misplaced, as Ward is not controlling precedent in this circuit. The Ward opinion acknowledges that the Fourth Circuit, as well as other circuits, takes a different approach. Id. at 1047 n.2 ("[T]he Fourth, Fifth, and Seventh Circuits have held that a judgment of conviction need not contain a schedule of restitution payments to be made during the period of incarceration.") (quoting United States v. Lemoine, 546 F.3d 1042, 1048 n.4 (9th Cir. 2008) (internal quotations omitted)). Accordingly, petitioner's contention that Ward demands a different result lacks merit.

Petitioner's response, like her initial complaint, seeks modification of her restitution order pursuant to 18 U.S.C. § 3664(k). Subsection (k) of section 3664 permits the sentencing court to modify a defendant's restitution order to adjust a payment schedule or to require immediate payment in full, following notification of any material change in the defendant's financial circumstances.

This court cannot award relief under § 3664(k) for two reasons. First, the sentencing court is the only court with power to adjust petitioner's restitution order. As this court did not sentence petitioner, it retains no power to modify her restitution order pursuant to § 3664(k). The court notes that the sentencing court has already denied petitioner's Motion for Amended Restitution Order. <u>Allen</u>, Case No. 3:09-cr-0355 (E.D. Va. Oct. 24, 2013) (Doc. No. 94). Second, a petitioner cannot use section 3664(k) to modify or suspend payments made through the IFRP. <u>Snyder v. Butler</u>, No. 1:13-CV-27993, 2014 WL 3565984 (S.D.W. Va. June 11, 2014). As a result, this court has no authority to grant the relief petitioner seeks, as this court is not the sentencing court and cannot modify IFRP payments.[3]

Petitioner also argues that the district court ordered "impermissible blanket restitution award in violation of 18 U.S.C. § 3664(f)(1)(A)." (Doc. No. 19 at 5). However, 28 U.S.C. § 2255 is petitioner's proper vehicle for such an argument. <u>See</u> <u>Taylor v. Batts</u>, Civil Action No. 1:11-0172, 2012 WL 1067408 (S.D.W. Va. Feb. 24, 2012) ("The focus of Section 2241 is upon a prisoner's custodial status, not upon the validity of her conviction or sentence, as is the focus of Section 2255."). Here, petitioner's argument attacks the

---

[3] Further, it is unclear from the record whether petitioner properly has exhausted her administrative remedies.

6

legality of her sentence.  As a result, the court cannot consider this challenge as part of her petition for a writ of habeas corpus under § 2241.

Finally, petitioner contends that "Magistrate Judge R. Clarke VanDervort is being vindictive" because petitioner petitioned the Fourth Circuit for a writ of mandamus against Magistrate Judge VanDervort, ordering him to issue the PF&R. (Doc. No. 11).  This accusation is baseless.  Magistrate Judge VanDervort did not author a PF&R adverse to petitioner out of any ill-will toward her; Magistrate Judge VanDervort issued the PF&R in accordance with binding Fourth Circuit precedent, which happens to be unfavorable to petitioner.  Further, the court notes that the Fourth Circuit denied petitioner's petition for a writ of mandamus against Magistrate Judge VanDervort.  (Doc. No. 17).

### III. Conclusion

Accordingly, the court **OVERRULES** petitioner's objections to Magistrate Judge VanDervort's PF&R.  The court adopts the factual and legal analysis contained within the PF&R, **DENIES** petitioner's petition for a writ of habeas corpus, (Doc. No. 1), and **DISMISSES** this matter from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to petitioner, pro se.

IT IS SO ORDERED on this 30th day of September, 2014.

    ENTER:

    *David A. Faber*
    David A. Faber
    Senior United States District Judge